**No. 26-60077**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**SATELLITE HEALTHCARE, INCORPORATED,**
**Petitioner/Cross-Respondent,**

**v.**

**NATIONAL LABOR RELATIONS BOARD,**
**Respondent/Cross-Petitioner,**

---

**ON PETITION FOR REVIEW AND**
**CROSS-APPLICATION FOR ENFORCEMENT OF**
**AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**

---

# BRIEF FOR RESPONDENT/CROSS-PETITIONER THE NATIONAL LABOR RELATIONS BOARD

---

**USHA DHEENAN**
*Supervisory Attorney*

**JARED H. ODESSKY**
*Attorney*

***National Labor Relations Board***
**1015 Half Street, SE**
**Washington, DC 20570**
**(202) 273-2948**
**(202) 273-1937**

**LYNISA B. MICHALSKI**
***Acting Deputy General Counsel***
**PETER SUNG OHR**
***Associate General Counsel***
**RUTH E. BURDICK**
***Deputy Associate General Counsel***
**MEREDITH JASON**
***Assistant General Counsel***

## STATEMENT REGARDING ORAL ARGUMENT

The Board submits the oral argument would not be helpful to the Court. This summary enforcement case involves the Board's application of well-established standards to undisputed facts. However, if the Court believes that oral argument would be of assistance or if it grants Satellite's request for oral argument, the Board respectfully requests the opportunity to participate.

# TABLE OF CONTENTS

**Headings** **Page(s)**

Statement regarding oral argument .......... i

Table of contents .......... ii

Table of authorities .......... iv

Statement of jurisdiction .......... 1

Statement of the issue presented .......... 2

Statement of the case .......... 2

I. Procedural history .......... 2

II. The Board's conclusions and order .......... 5

Standard of review .......... 7

Summary of argument .......... 7

Argument .......... 8

I. The Board is entitled to enforcement because it acted within its discretion in rejecting Satellite's untimely exceptions to the judge's decision .......... 8

A. Enforcement is warranted where no timely exceptions are filed .......... 9

B. The Board acted within its discretion in finding that Satellite did not establish excusable neglect .......... 10

1. Excusable-neglect principles .......... 10

2. The Board did not abuse its discretion by finding that Satellite failed to establish excusable neglect .......... 14

a. The Board acted in accordance with case law establishing when carelessness qualifies as excusable .......... 14

## TABLE OF CONTENTS (CONT'D)

**Headings** **Page(s)**

b. Section 10(e) bars Satellite's remaining arguments that the Board abused its discretion, which, in any event, lack merit ........ 16

i. Satellite's challenges to the Board's stated grounds for denial ........ 17

ii. Satellite's challenge to being bound by prior counsel's late filing ........ 25

Conclusion ........ 32

Certificate of service ........ 33

Certificate of compliance ........ 34

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*3484, Inc. v. NLRB*,
137 F.4th 1093 (10th Cir. 2025) ....................18, 26

*Action for Children's Television v. FCC*,
906 F.2d 752 (D.C. Cir. 1990)....................18

*Ala. Roofing & Metal Co. v. NLRB*,
331 F.2d 965 (5th Cir. 1964) ....................18

*Alexander v. Saul*,
5 F.4th 139 (2d Cir. 2021) ....................13

*Associated Marine Equipment LLC v. Jones*,
301 F. App'x 346 (5th Cir. 2008). ....................31

*Camp v. Pitts*,
411 U.S. 138 (1973)....................19

*Cannon-Stokes v. Potter*,
453 F.3d 446 (7th Cir. 2006) ....................29

*City of Brookings Mun. Tel. Co. v. FCC*,
822 F.2d 1153 (D.C. Cir. 1987)....................18

*City of Colo. Springs v. Solis*,
589 F.3d 1121 (10th Cir. 2009) ....................19

*Cobb Mech. Contractors, Inc. v. NLRB*,
295 F.3d 1370 (D.C. Cir. 2002)....................9

*Coffman v. Satellite Healthcare, Inc.*,
No. 24-cv-07424-RFL, 2024 WL 5359318 (N.D. Cal. Dec. 23, 2024)....................2

*Coleman Hammons Construction Co. v. OSHRC*,
942 F.3d 279 (5th Cir. 2019) ....................23, 24

*Colgate-Palmolive Co.*,
323 NLRB 515 (1997) ....................9

## TABLE OF AUTHORITIES (CONT'D)

**Cases** **Page(s)**

*D.R.T.G. Builders, L.L.C. v. OSHRC*,
26 F.4th 306 (5th Cir. 2022) ........................................................................10

*Denton Cnty. Elec. Coop., Inc. v. NLRB*,
962 F.3d 161 (5th Cir. 2020) ...................................................................18, 26

*Downs v. McNeil*,
520 F.3d 1311 (11th Cir. 2008) ....................................................................30

*ExxonMobil Rsch. & Eng'g Co. v. NLRB*,
132 F.4th 337 (5th Cir. 2025) ........................................................................7

*Fisher v. Johnson*,
174 F.3d 710 (5th Cir. 1999) ........................................................................30

*French's Est. v. FERC*,
603 F.2d 1158 (5th Cir. 1979) ......................................................................19

*Gulf States Mfg. Inc. v. NLRB*,
704 F.2d 1390 (5th Cir. 1983) ......................................................................17

*Halicki v. La. Casino Cruises, Inc.*,
151 F.3d 465 (5th Cir. 1998) ........................................................................14

*Hall v. McLaughlin*,
864 F.2d 868 (D.C. Cir. 1989).......................................................................20

*Hosp. del Maestro v. NLRB*,
263 F.3d 173 (1st Cir. 2001)................................................................ 13, 14, 15

*IBEW, Loc. Unions 605 & 985 v. NLRB*,
973 F.3d 451 (5th Cir. 2020) ........................................................................17

*In re Christopher*,
35 F.3d 232 (5th Cir. 1994) ..........................................................................23

*In re Harlow Fay, Inc.*,
993 F.2d 1351 (8th Cir. 1993) ........................................................................1

## TABLE OF AUTHORITIES (CONT'D)

**Cases** **Page(s)**

*International Union of Elevator Constructors Local No. 2 (Unitec Elevator Services Co.)*,
337 NLRB 426 (2002) ........ 5, 11, 13, 20

*Johnson v. Potter*,
364 F. App'x 159 (5th Cir. 2010) ........ 21, 22

*Long Island Head Start Child Dev. Servs. v. NLRB*,
460 F.3d 254 (2d Cir. 2006) ........ 21

*Lowry v. McDonnell Douglas Corp.*,
211 F.3d 457 (8th Cir. 2000) ........ 13

*Miller v. Chi. Transit Auth.*,
20 F.4th 1148 (7th Cir. 2021) ........ 15

*N.Y. & Presbyterian Hosp. v. NLRB*,
649 F.3d 723 (D.C. Cir. 2011) ........ 19

*Nelson v. Boeing Co.*,
446 F.3d 1118 (10th Cir. 2006) ........ 31

*NLRB v. Cobb*,
91 F.3d 139 (5th Cir. 1996) ........ 10

*NLRB v. Colonial Haven Nursing Home, Inc.*,
542 F.2d 691 (7th Cir. 1976) ........ 26

*NLRB v. Contemporary Cars, Inc.*,
667 F.3d 1364 (11th Cir. 2012) ........ 18

*NLRB v. Forsyth Electrical Company*,
69 F. App'x 164 (4th Cir. 2003) ........ 22

*NLRB v. New Orleans Bus Travel, Inc.*,
883 F.2d 382 (5th Cir. 1989) ........ 26

## TABLE OF AUTHORITIES (CONT'D)

**Cases** **Page(s)**

*NLRB v. Sw. Displays & Events*,
No. 22-60032, 2022 WL 636687 (5th Cir. Mar. 4, 2022)........................................9

*NLRB v. Tri-Cnty. Elec. Coop.*,
No. 21-60887, 2023 WL 5040960 (5th Cir. Aug. 8, 2023) .........................9, 22, 29

*NLRB v. Washington Star Co.*,
732 F.2d 974 (D.C. Cir. 1984)........................................................................7

*PBGC v. Wilson N. Jones Mem'l Hosp.*,
374 F.3d 362 (5th Cir. 2004) .........................................................................19

*Penrod v. NLRB*,
203 F.3d 41 (D.C. Cir. 2000)..........................................................................21

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,
507 U.S. 380 (1993)............................................. 11, 12, 13, 15, 20, 23, 25, 27, 28

*Pryor v. U.S. Postal Serv.*,
769 F.2d 281 (5th Cir. 1985) .........................................................................30

*Silivanch v. Celebrity Cruises, Inc.*,
333 F.3d 355 (2d Cir. 2003) ..........................................................................13

*Silvercreek Mgmt., Inc. v. Banc of Am. Secs., LLC*,
534 F.3d 469 (5th Cir. 2008) ....................................................................14, 21

*Smith Hubbard v. AMICA Mutual Ins. Co.*,
No. 23-40331, 2024 WL 747249 (5th Cir. Feb. 23, 2024) ...................................14

*Stanford Hosp. & Clinics v. NLRB*,
325 F.3d 334 (D.C. Cir. 2003)..........................................................................9

*Trader Joe's Co. v. NLRB*,
167 F.4th 766 (5th Cir. 2026) .........................................................................16

*Trevino v. City of Ft. Worth*,
944 F.3d 567 (5th Cir. 2019) ..........................................................................13

# TABLE OF AUTHORITIES (CONT'D)

**Cases** **Page(s)**

*United States ex rel. Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952 (9th Cir. 1994) .......... 15

*United States v. Brown*, 133 F.3d 993 (7th Cir. 1998) .......... 13

*United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) .......... 30

*Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645 (1982) .......... 17

**Statutes** **Page(s)**

National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.)

Section 5(e) (5 U.S.C. § 555(e)) .......... 19

Section 6 (29 U.S.C. § 156) .......... 7

Section 8(a)(1) (29 U.S.C. §158(a)(1)) .......... 5

Section 8(a)(3) (29 U.S.C. §158(a)(3)) .......... 6

Section 8(a)(5) (29 U.S.C. §158(a)(5)) .......... 6

Section 10(a) (29 U.S.C. § 160(a)) .......... 1

Section 10(c) (29 U.S.C. § 160(c)) .......... 9

Section 10(e) (29 U.S.C. § 160(e)) .......... 1, 9, 16

Section 10(f) (29 U.S.C. § 160(f)) .......... 1

Section 10(j) (29 U.S.C. § 160(j)). .......... 2

## TABLE OF AUTHORITIES (CONT'D)

**Regulations** **Page(s)**

29 C.F.R. § 102.2(b) .......................................................................... 4, 29

29 C.F.R. § 102.2(d) .......................................................................... 11, 25, 26

29 C.F.R. § 102.45(b) .......................................................................... 26

29 C.F.R. § 102.48(a) .......................................................................... 9

56 Fed. Reg. 49141-01 (Sept. 27, 1991) .......................................................................... 11

82 Fed. Reg. 11748-01 (Feb. 27, 2017), 2017 WL 713547 .......................................................................... 11

**Other Authorities** **Page(s)**

Brief of Appellants Silvercreek Management, Inc., et al.,
No. 0620026 (5th Cir. Sept. 9, 2007) .......................................................................... 21

Reply Brief of Respondent/Cross-Petitioner,
No. 21-60887, 2022 WL 2648993 (5th Cir. June 30, 2022) .......................................................................... 22

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 26-60077**

---

**SATELLITE HEALTHCARE, INCORPORATED,**
**Petitioner/Cross-Respondent,**

**v.**

**NATIONAL LABOR RELATIONS BOARD,**
**Respondent/Cross-Petitioner.**

---

**ON PETITION FOR REVIEW AND**
**CROSS-APPLICATION FOR ENFORCEMENT OF**
**AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD**

---

**BRIEF FOR RESPONDENT/CROSS-PETITIONER**
**THE NATIONAL LABOR RELATIONS BOARD**

---

## STATEMENT OF JURISDICTION

This case is before the Court on Satellite Healthcare, Incorporated's petition for review, and the Board's cross-application for enforcement, of the Board's February 9, 2026 Order adopting the administrative law judge's April 2, 2025 recommended decision and order. The Board had jurisdiction over the proceeding below pursuant to Section 10(a) of the National Labor Relations Act, 29 U.S.C. § 160(a). This Court has jurisdiction under Section 10(e) and (f) of the Act. Venue is proper because Satellite transacts business in this Circuit. 29 U.S.C. § 160(e),

(f). The petition and cross-application are timely, because the Act prescribes no time limits for such filings.

## STATEMENT OF THE ISSUE PRESENTED

Whether the Board abused its discretion in rejecting Satellite's untimely exceptions to the administrative law judge's decision because Satellite did not show excusable neglect for its late filing.

## STATEMENT OF THE CASE

### I. PROCEDURAL HISTORY

After investigating a charge filed by the Service Employees International Union, United Healthcare Workers – West (the Union), the Board's General Counsel, by the Regional Director for Region 20 (San Francisco), issued a final consolidated complaint and notice of hearing in March 2024 alleging that Satellite violated the Act. (ROA.2335-48.)[1] Following a hearing, an administrative law judge issued a decision on April 2, 2025, finding merit to some of the complaint allegations and issuing a remedial order. (ROA.2440-84.) The same day, the

[1] The General Counsel also petitioned for an injunction against Satellite under Section 10(j) of the Act, 29 U.S.C. § 160(j). On December 23, 2024, the District Court for the Northern District of California granted the petition with limited modification, finding that the General Counsel had demonstrated a strong likelihood of success on the merits and of irreparable harm in the absence of preliminary relief. *Coffman v. Satellite Healthcare, Inc.*, No. 24-cv-07424-RFL, 2024 WL 5359318 (N.D. Cal. Dec. 23, 2024). On September 4, 2025, the Ninth Circuit affirmed in full. *Owens v. SEIU-United Healthcare Workers W.*, No. 25-79, 2025 WL 2541909 (9th Cir. Sept. 4, 2025).

Board issued an order transferring the unfair labor practice case to itself. (ROA.2485-86.) The order included the following statement:

> Exceptions to the decision of the Administrative Law Judge must be received by the Board's Office of the Executive Secretary, 1015 Half Street SE, Washington, DC 20570, on or before **April 30, 2025.**

(ROA.2485 (emphasis in original).) Filing "exceptions" is how a party can appeal any aspect of the judge's decision to the Board. Additionally, the Board's order included references to various sections of the Board's Rules and Regulations relating to the procedure for filing such exceptions. (ROA.2486.)

Satellite requested and received an unopposed 37-day extension to file its exceptions to June 6, 2025. (ROA.2487-89.) At approximately 11:30 a.m. Eastern Time on June 6, Satellite's then-lead counsel emailed the attorneys for the other parties in the case (the General Counsel and the Union) to notify them that Satellite would be seeking an additional extension until June 16, and to seek their positions on the request. (ROA.2491, 2497.) When counsel for the General Counsel and the Union did not respond within the hour, Satellite filed an extension request at 12:32 p.m. Eastern Time, accompanied by the following explanation:

> Lead counsel for Respondent recently transferred her legal practice to a new law firm, starting on May 27, 2025. When finalizing the exceptions and supporting briefing on June 5, to be filed on June 6, it was discovered we are missing some information from the record and client file that is needed to finalize the filing and ensure it is complete. The purpose of the short extension is to allow time next week to obtain that information and ensure there is no prejudice to Respondent for unforeseeable administrative issues that resulted from counsel's

> practice transfer. This request is made in good faith and not for the purpose of delay. Respondent requests that the adjusted deadline be applicable to all parties as well.

(ROA.2490.)

That same day, the Board's Office of the Executive Secretary denied Satellite's extension request. (ROA.2492.) The denial letter stated that, per Section 102.2(c) of the Board's Rules and Regulations, "requests for extensions of time filed within 3 days of the due date must be grounded upon circumstances not reasonably foreseeable in advance," and Satellite's request did not meet that standard. (ROA.2492.) The letter further observed that Satellite's request did not indicate the positions of other parties, as the Board's Rules and Regulations encourage. (ROA.2492.) Later that day, Satellite filed a motion for reconsideration of the denial of its extension request. (ROA.2493-98.)

On June 7, Satellite filed its exceptions to the judge's decision. In a letter dated June 10, the Office of the Executive Secretary stated that because "[t]he deadline for filing that document was June 6," and "[t]he Board requires electronic filings to be made 'by 11:59 p.m. of the time zone of the receiving office,'" (quoting 29 C.F.R. § 102.2(b)), the submission "is rejected and will not be forwarded to the Board." (ROA.2499.) Subsequently, on June 11, the Executive Secretary denied Satellite's motion for reconsideration of the denial of its extension request. (ROA.2500.)

On June 13, Satellite filed a motion to accept its late-filed exceptions.[2] (ROA.2519-28.) The Board denied Satellite's motion on February 9, 2026, explaining that "[t]he reasons for the late filing do not rise to the level of excusable neglect." (ROA.2529.) As support, the Board cited its decision in *International Union of Elevator Constructors Local No. 2 (Unitec Elevator Services Co.)*, 337 NLRB 426 (2002), quoting its instruction that "inattentiveness or carelessness, absent other circumstances or further explanation, will not excuse a late filing." (ROA.2529.) Satellite did not file a motion for reconsideration of the Board's denial.

## II. THE BOARD'S CONCLUSIONS AND ORDER

In the absence of timely filed exceptions, the Board adopted the judge's findings, conclusions, and recommended order on February 9, 2026. (ROA.2530-31.) In doing so, the Board found that Satellite violated Section 8(a)(1) of the Act (29 U.S.C. §158(a)(1)) by threatening employees that selecting the Union would be futile, would result in plant closure, and would cause Satellite and other industry employers to not hire them; by misinforming them that they lacked the right to a union representative at a meeting that could reasonably result in discipline; and by telling them that annual merit wage increases would be withheld because of the

[2] The motion also sought acceptance of Satellite's late-filed brief in support of its exceptions.

Union. (ROA.2474.) The Board further found that Satellite violated Section 8(a)(3) and (1) of the Act (29 U.S.C. §158(a)(3) and (1)) by withholding annual merit wage increases; by disciplining and later discharging employee Cathy Mendoza; and by announcing stricter interpretations of its sign-in/sign-out and clock-in policies—in each case because of employees' union support. (ROA.2474-75.) Finally, the Board found that Satellite violated Section 8(a)(5) and (1) of the Act (29 U.S.C. §158(a)(5) and (1)) by withholding annual merit wage increases without first offering the Union notice and the opportunity to bargain; by announcing stricter interpretations of its sign-in/sign-out and clock-in policies without first offering the Union notice and the opportunity to bargain; and by unreasonably delaying the provision of relevant information to the Union. (ROA.2475.)

The Board also adopted the remedial portion of the judge's recommended order, which requires Satellite to cease and desist from the unfair labor practices found and from violating the Act in any like or related manner, and to take certain affirmative actions. (ROA.2476-80.) Specifically, the order requires Satellite to reinstate Mendoza and make her whole for any loss of earnings and other benefits, and for any other direct or foreseeable pecuniary harms suffered as a result of the discrimination against her; to bargain with the Union as the exclusive collective-bargaining representative of employees in specified bargaining units; to make

employees whole for the unilateral and discriminatory changes to terms and conditions of employment; to rescind those changes; and to post a remedial notice. (ROA.2478-90.)

## STANDARD OF REVIEW

In enacting the National Labor Relations Act, Congress authorized the Board "to make such rules and regulations as may be necessary to carry out the provisions of the Act." 29 U.S.C. § 156. The Board thus possesses "broad discretion in making and applying its own procedural regulations (such as filing deadlines)." *NLRB v. Washington Star Co.*, 732 F.2d 974, 976 (D.C. Cir. 1984). The Court's review of the Board's procedural rulings is limited to whether the Board abused its discretion. *See ExxonMobil Rsch. & Eng'g Co. v. NLRB*, 132 F.4th 337, 344-45 (5th Cir. 2025) (citing cases).

## SUMMARY OF ARGUMENT

Satellite filed its exceptions late after waiting until the eve of the deadline to discover foreseeable file-access issues arising from prior counsel's law-firm transition. Applying established precedent regarding excusable neglect, the Board identified the determinative factor here—the reason for the delay—as inadequate and denied Satellite's motion to accept the late filing. In the absence of timely filed exceptions, the Board automatically adopted the judge's recommended

decision, as the Act instructs. The Act now entitles the Board to circuit court enforcement of the resulting order.

For the first time on appeal, Satellite argues that the Board's denial of its motion was an abuse of discretion because the stated grounds lacked reasoned decision-making and because the Board improperly attributed prior counsel's omissions to Satellite. Because Satellite never raised these arguments before the Board, the Court may not consider them. In any event, the Board adequately explained the basis for its decision by identifying Satellite's given reason for the delay as inexcusable under governing case law, and it appropriately bound Satellite to the conduct of its chosen counsel in line with settled precedent.

## ARGUMENT

### THE BOARD IS ENTITLED TO ENFORCEMENT BECAUSE IT ACTED WITHIN ITS DISCRETION IN REJECTING SATELLITE'S UNTIMELY EXCEPTIONS TO THE JUDGE'S DECISION

It is undisputed that Satellite's exceptions were untimely. In such circumstances, the Act instructs the Board to automatically adopt the judge's decision and order. As discussed below, Satellite fails to show that the Board abused its discretion in finding that Satellite's late filing did not fit within the standard for excusable neglect, and the Board is accordingly entitled to enforcement of the judge's decision.

### A. Enforcement is Warranted Where No Timely Exceptions Are Filed

A respondent's failure to timely and properly file any exceptions to the administrative law judge's decision with the Board requires the Board, pursuant to Section 10(c) of the Act, to adopt pro forma the decision and order of the judge.[3] 29 U.S.C. § 160(c) ("[I]f no exceptions are filed" within the authorized period, "such recommended order shall become the order of the Board and become effective as therein prescribed."); 29 C.F.R. § 102.48(a) ("If no timely or proper exceptions are filed, the findings, conclusions, and recommendations contained in the Administrative Law Judge's decision will . . . automatically become the decision and order of the Board"). By function of Section 10(e) of the Act, the Board is then entitled, absent extraordinary circumstances, to obtain summary entry of a judgment enforcing its order. *See* 29 U.S.C. § 160(e) ("[n]o objection that has not been urged before the Board . . . shall be considered by the court," absent a showing of "extraordinary circumstances"). This Court has consistently summarily enforced the Board's order in such cases. *E.g.*, *NLRB v. Tri-Cnty. Elec. Coop.*, No. 21-60887, 2023 WL 5040960, at *3 (5th Cir. Aug. 8, 2023); *NLRB v. Sw. Displays & Events*, No. 22-60032, 2022 WL 636687, at *1 (5th Cir. Mar. 4, 2022); *see Cobb Mech. Contractors, Inc. v. NLRB*, 295 F.3d 1370, 1374 (D.C. Cir.

[3] "Findings adopted under such circumstances are not . . . considered precedent for any other case." *Stanford Hosp. & Clinics v. NLRB*, 325 F.3d 334, 345 (D.C. Cir. 2003) (quoting *Colgate-Palmolive Co.*, 323 NLRB 515, 515 n.1 (1997)).

2002) (noting that Fifth Circuit enforced a prior Board order where no exceptions were timely filed) (citing *NLRB v. Cobb*, 91 F.3d 139 (5th Cir. 1996)).

Because Satellite's exceptions were not timely filed, and, as established below, the Board acted within its discretion in finding the late filing unexcused, the Board followed procedure in adopting pro forma the judge's decision and recommended order. Accordingly, the Board is entitled to enforcement of its order.

### B. The Board Acted Within Its Discretion in Finding That Satellite Did Not Establish Excusable Neglect

Having missed the extended deadline for its exceptions, Satellite needed to demonstrate excusable neglect for the Board to nevertheless consider accepting the untimely filings. *See D.R.T.G. Builders, L.L.C. v. OSHRC*, 26 F.4th 306, 312 (5th Cir. 2022) (party seeking relief for a late filing bears the burden of demonstrating that relief should be granted). As shown below, the Board did not abuse its discretion in concluding that Satellite failed to do so.

#### 1. Excusable-neglect principles

Section 102.2(d) of the Board's Rules and Regulations provides that exceptions "may be filed within a reasonable time after the time prescribed by" the Rules "only upon good cause shown based on excusable neglect and when no

undue prejudice would result." 29 C.F.R. § 102.2(d).[4] In assessing excusable neglect, the Board follows the approach set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *See Unitec*, 337 NLRB at 426-27.

*Pioneer* resolved a circuit split over the applicable standard. Prior to *Pioneer*, some circuit courts took a "narrow view" of excusable neglect, "requiring a showing that the delay was caused by circumstances beyond the movant's control." 507 U.S. at 387 n.3. Others "applied a more flexible analysis," *id.*, that permitted a court to find excusable neglect, where appropriate, even where late filings were "caused by inadvertence, mistake, or carelessness," *id.* at 388.

The Supreme Court agreed with the latter approach, holding that a court's discretion to find excusable neglect was "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. It reasoned that the ordinary meaning of "neglect" "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

Having concluded that a finding of excusable neglect is not limited to circumstances in which the movant was faultless, the Court explained that the determination of "whether a party's neglect of a deadline is excusable . . . is at

[4] That rule was originally adopted and codified at Section 102.111(c). 56 Fed. Reg. 49141-01 (Sept. 27, 1991). In 2017, Section 102.111(c) moved to what is currently Section 102.2(d). *See* 82 Fed. Reg. 11748-01 (Feb. 27, 2017), 2017 WL 713547.

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Court indicated its "substantial agreement with the factors," *id.*, that the Sixth Circuit had identified as "helpful, although not necessarily exhaustive, guides," *id.* at 386. These factors "include" the reason for the delay (not limited to whether it was within the movant's reasonable control), the risk of prejudice to the non-movant, the length of the delay and its effect on proceedings, and whether the movant acted in good faith. *Id.* at 395.

While preserving room for equitable discretion, the Court nonetheless emphasized that a party's careless omission will "not usually" be excusable. *Id.* at 392. It offered two contrasting examples of when carelessness would or would not meet that bar. On the one hand, it said that the court below did not abuse its discretion by finding excusable neglect where an attorney inadvertently failed to notice a deadline on a court notice, given that the date was inconspicuously placed and lacked any indication of the date's significance, two features that were out of the ordinary for that type of notice. *See id.* at 398. Even then, the Court indicated that its position might be different had there been any evidence of prejudice or bad faith. *See id.* On the other hand, the Court said that it gave "little weight" to the alternative reason offered for the careless omission: "the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.* Specifically, the Court discounted the fact that the deadline "came at a time when

[counsel] was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm," which caused him to "not have access to his copy of the case file" in a timely manner. *Id.* at 384.

In line with the *Pioneer* Court's continued focus on the adequacy of the movant's excuse even as it broadened the excuses under consideration, "courts have recognized that the factors listed in [*Pioneer*] do not carry equal weight, and the excuse given for the late filing must have the greatest import." *Unitec*, 337 NLRB at 427 & n.7 (citing *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001), and *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). Indeed, the adequacy of the excuse given is "[a]fford[ed] dispositive weight . . . despite 'the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension.'" *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)); *see also id.* at 149 & n.5 (noting that the First, Fourth, Sixth, Eighth, and Tenth Circuits "follow the same approach"). "[T]he reasons behind some delays will be unexcused no matter what the countervailing factors." *United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998).

As this Court has explained, "the inquiry [under *Pioneer*] is not wholly open-ended," and "[g]ross carelessness" demonstrates an "insufficient bas[i]s for relief" even if other considerations favor it. *Trevino v. City of Ft. Worth*, 944 F.3d

567, 571 (5th Cir. 2019) (quotation omitted). Moreover, tribunals need not "rigorously apply each of these factors in every case." *Silvercreek Mgmt., Inc. v. Banc of Am. Secs., LLC*, 534 F.3d 469, 472 (5th Cir. 2008); s*ee also Smith Hubbard v. AMICA Mutual Ins. Co.*, No. 23-40331, 2024 WL 747249, at *2 (5th Cir. Feb. 23, 2024) (district court did not err in neglecting to explicitly analyze the *Pioneer* factors). If the decisionmaker has considered the evidence and "made an equitable determination that an extension [is] unwarranted," "no more is required." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998).

**2. The Board did not abuse its discretion by finding that Satellite failed to establish excusable neglect**

Following established precedent, the Board did not abuse its discretion in rejecting Satellite's untimely documents. As shown below, Satellite did not establish excusable neglect where prior counsel waited until the eve of the deadline to begin preparing Satellite's filing and only then discovered file-access issues that were reasonably foreseeable upon her change of firm.

**a. The Board acted in accordance with case law establishing when carelessness qualifies as excusable**

There is no dispute that the "delay in" filing exceptions "was only one day," "there was little danger of prejudice to the other party," "the delay did not negatively impact the Board's proceedings," and that Satellite "acted in good faith." *Hosp. del Maestro*, 263 F.3d at 175. "All of these taken together, however,

would still not excuse an otherwise unjustified failure to abide by the Board's deadline." *Id.*

Focusing accordingly on Satellite's justification for the late filing, the Board determined that it did not rise to the level of excusable neglect, because it demonstrated mere "inattentiveness or carelessness, absent other circumstances or further explanation." (ROA.2529.) Indeed, the reason Satellite offered—the fact that the due date came when counsel had withdrawn from a former law firm and could not access the case file in a timely manner—is identical to that which the Supreme Court gave "little weight" as a justification in *Pioneer*. 507 U.S. at 398. *See also Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1154 (7th Cir. 2021) ("impediments or confusion stemming from office relocations [are] generally not . . . persuasive excuses for neglecting a deadline"); *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (delay caused by counsel's law-firm relocation and staffing issues did not constitute excusable neglect).

Satellite urges that "[t]he reason for the late filing was . . . counsel's realization *on the day before the due date* that she had not received all of the relevant client files in the transition between law firms, a process at least partly outside her control." (Br. 35 (emphasis added).) But "it cannot possibly be contended that" prior counsel was "unaware of the possibility that" her transition between law firms "could cause some dislocations." *United States ex rel. Familian*

*Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir. 1994) (finding no excusable neglect where recent corporate restructuring led to late discovery of invoices relevant to claims). Alert to the potential for disruption from her law-firm transfer and to the upcoming June 6 deadline, prior counsel apparently made no prompt effort upon her change of firm "on May 27, 2025—10 days before the due date for the exceptions" (Br. 35) to ensure that she had all the necessary materials. Only over a week later, and when preparing the filing at the eleventh hour despite a previous extension, did she discover an issue with the file. The Board did not abuse its discretion in finding this circumstance neither unforeseeable nor excusable.

**b. Section 10(e) bars Satellite's remaining arguments that the Board abused its discretion, which, in any event, lack merit**

As noted above (p. 9), Section 10(e) of the Act provides that "[n]o objection that has not been urged before the Board . . . shall be considered by the court," absent a showing of "extraordinary circumstances." 29 U.S.C. § 160(e). In addition, this Court has reaffirmed the "'bedrock principle' that 'courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the *appropriate time*'" under the Board's rules. *Trader Joe's Co. v. NLRB*, 167 F.4th 766, 789 (5th Cir. 2026) (quotation omitted) (emphasis in original).

In its opening brief, Satellite challenges the Board's stated grounds for the denial of Satellite's motion to accept its late-filed exceptions and asserts that it should not be held accountable for the acts of its prior counsel. Because these arguments were never properly presented to the Board, the Court is precluded from considering them for the first time on review.

**i. Satellite's challenges to the Board's stated grounds for denial**

Satellite's principal new argument on appeal is that the Board's denial of its motion did not demonstrate reasoned decision-making as required by the Administrative Procedure Act (APA). Yet, after the Board issued its decision, Satellite neglected to file a motion for reconsideration raising any such argument. In accordance with Section 10(e), the Court will "declin[e] to excuse a party's failure to make [an] objection to the Board where the aggrieved party 'could have objected . . . in a petition for reconsideration or rehearing,' but did not do so." *IBEW, Loc. Unions 605 & 985 v. NLRB*, 973 F.3d 451, 461 (5th Cir. 2020) (quoting *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666 (1982)). *Compare Gulf States Mfg. Inc. v. NLRB*, 704 F.2d 1390, 1396-97 (5th Cir. 1983) (Court barred from considering issue not presented to the Board in supplemental objections or motion for reconsideration), *with id.* at 1400 (Court could address argument raised in motion for reconsideration). Satellite's opening brief makes no argument that "extraordinary circumstances" excused its failure to file such a

motion, and any such argument is thus waived. *See 3484, Inc. v. NLRB*, 137 F.4th 1093, 1113-14 (10th Cir. 2025) ("[W]e will not sua sponte consider whether extraordinary circumstances are present when such an argument has not been properly presented to us.") (citing cases); *Denton Cnty. Elec. Coop., Inc. v. NLRB*, 962 F.3d 161, 167 n.4 (5th Cir. 2020) (argument not raised in an appellant's opening brief is waived).

"[P]rocedural objections premised on the APA [are] precisely the sort appropriately raised before the [agency] in the first instance." *City of Brookings Mun. Tel. Co. v. FCC*, 822 F.2d 1153, 1163 (D.C. Cir. 1987); *see also NLRB v. Contemporary Cars, Inc.*, 667 F.3d 1364, 1368 (11th Cir. 2012) (section 10(e)'s "bar extends to procedural and due process objections" (citing *Ala. Roofing & Metal Co. v. NLRB*, 331 F.2d 965, 967 (5th Cir. 1964)). The "very purpose" of a statutory provision like Section 10(e) is "to afford the [agency] the initial opportunity to correct errors in its decision or the proceeding leading to decision." *Action for Children's Television v. FCC*, 906 F.2d 752, 755 (D.C. Cir. 1990) (quotations and citations omitted). Accordingly, a party that that "did not bring [an APA] concern to [the agency's] attention in a petition for reconsideration . . . is foreclosed . . . from raising the issue before" an appellate court. *Id.* "Whatever the merits" of Satellite's claim "that the Board failed to engage in 'reasoned decisionmaking,' as the [APA] requires," "section 10(e) prevents [the Court] from

considering [it]." *N.Y. & Presbyterian Hosp. v. NLRB*, 649 F.3d 723, 733 (D.C. Cir. 2011).

In any event, Satellite's challenges to the Board's stated grounds lack merit. When an agency, through an informal adjudication, denies a request "made in connection with" an agency proceeding, the APA requires merely that the "notice shall be accompanied by a brief statement of the grounds for denial." 5 U.S.C. § 555(e). While the denial must be "based upon *consideration* of the appropriate factors, . . . [t]he administrative record . . . need only 'indicate the determinative reason for the final action taken.'" *PBGC v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 367 (5th Cir. 2004) (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)) (emphasis added).

Here, the Board cited *Unitec*, which set forth the appropriate legal standard under *Pioneer*, and expressly stated the basis for its decision under the factor well established as determinative in all but the closest cases: the adequacy of the excuse. (ROA.2529.) As the disposition of an informal adjudication, the Board's denial satisfied the modest obligation under the APA to "identif[y] the relevant legal criteria" and the Board's "determination that the [movant] did not meet them." *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1134 (10th Cir. 2009); *see also French's Est. v. FERC*, 603 F.2d 1158, 1162 (5th Cir. 1979) (agency's two-

sentence denial did not "merely deny the petition," but "indicated its general reasons for doing so").

The Board's conclusion that the careless omission here was not the type it finds excusable also involved no unexplained leap from prior cases. *See Hall v. McLaughlin*, 864 F.2d 868, 872 (D.C. Cir. 1989) ("Where the reviewing court can ascertain that the agency has not in fact diverged from past decisions, the need for a comprehensive and explicit statement of its current rationale is less pressing."). Satellite argues that because the specific facts in *Unitec* involved a miscalculated due date, the Board's citation to *Unitec* did not illustrate why Satellite's given reason for the delay—file-access issues arising from prior counsel's law-firm transition—was inadequate. (Br. 23-24.) However, the Board was not relying on an analogy to the facts of *Unitec*, but instead *Unitec*'s statement, "[c]onsistent with *Pioneer*," that "generally" "inattentiveness or carelessness, absent other circumstances or further explanation, will not excuse a late filing." 337 NLRB at 427. *Unitec* drew this principle from *Pioneer*'s pronouncement that a party's careless omission will "not usually" be excusable. *Id.* (quoting *Pioneer*, 507 U.S. at 392). And *Pioneer*'s specific application of it offers direct precedential support for the Board's determination. *See* 507 U.S. at 384, 398 (little weight given to excuse that counsel's withdrawal from former law firm disrupted timely access to case file). Unlike Satellite's cited cases, this is not a situation where the Board

purported to rely on precedent but in fact broke new ground. *See Long Island Head Start Child Dev. Servs. v. NLRB*, 460 F.3d 254, 259 (2d Cir. 2006) (reliance on cases "granting relief from the formalities of notice" was insufficient to extend those cases for the first time and without further explanation "to grant relief from notice altogether"); *Penrod v. NLRB*, 203 F.3d 41, 46 (D.C. Cir. 2000) (citation to a case where union-fee notice was deemed sufficient due to its identification of specific union activities could not by itself support a novel finding that a notice lacking such specification was sufficient).

Satellite further objects that the Board's grounds for denial did not individually discuss each of the *Pioneer* factors. (Br. 26, 29-30.) This Court has considered and dismissed identical arguments before. In *Silvercreek Management, Inc. v. Banc of America Securities, LLC*, 534 F.3d 469 (5th Cir. 2008), the movants faulted the district court's determination of no excusable neglect for its failure to meaningfully consider the lack of prejudice to the nonmoving party, the effect of delay on the case schedule, or the movants' good faith. *See* Brief of Appellants Silvercreek Management, Inc., et al., at viii, 21-22, No. 06-20026 (5th Cir. Sept. 9, 2007). Under the same abuse-of-discretion standard applicable here, the Court straightforwardly rejected the movants' "incorrect[] conten[tion]," noting that a rigorous application of each factor is not required. *Silvercreek*, 534 F.3d at 472. Likewise, in *Johnson v. Potter*, 364 F. App'x 159 (5th Cir. 2010), the Court found

no abuse of discretion where the district court's excusable-neglect analysis emphasized only the inadequacy of the reason for the delay. *Id.* at 164. In the Court's view, the decision showed an "implicit[] determin[ation] that to the extent the [other] factors militated in favor of granting the motion (if at all), they were outweighed by the [determinative] factor." *Id.*

The Court has equally dismissed this argument in reviewing the Board's denial of a motion to extend the time for filing exceptions. In *NLRB v. Tri-County Electric Cooperative, Inc.*, No. 21-60887, 2023 WL 5040960 (5th Cir. Aug. 8, 2023), the movant argued that the Board had not discussed "how the *Pioneer* factors impact the case," even though there was "no question that" the factors other than the reason for the delay "all clearly and overwhelmingly favor[ed]" the movant. *See* Reply Brief of Respondent/Cross-Petitioner, 2022 WL 2648993, at *6-*7 (5th Cir. June 30, 2022). Even so, the Court declined to find that the Board had abused its discretion in determining that the movant's proffered excuse (time-zone confusion) failed to show excusable neglect. 2023 WL 5040960, at *3.

Satellite contends, citing *NLRB v. Forsyth Electrical Company*, 69 F. App'x 164, 167 (4th Cir. 2003), that the Board was obligated to explicitly address its arguments regarding each factor. (Br. 22-25.) In *Forsyth*, however, the Board failed to consider an argument which, if unrebutted, would necessarily have altered its analysis. *See* 69 F. App'x at 167 (Board did not address argument that the

company "no longer had openings for electricians," even though, under Board law, a bona fide absence of available work for the strikers is "a legitimate and substantial justification for failure to reinstate"). In the present case, the Board was not required to specifically explain its reasons for dismissing the significance of factors that, under precedent, would not outweigh the inadequacy of Satellite's reason for the delay. Consequently, Satellite's argument that the Board had to individually apply each factor in its statement of the grounds for denial falls flat.

Contrary to Satellite's claim (Br. 27-32), the Board also made clear that its determination was not based on a reflexive rule that all acts of carelessness are inexcusable. Rather, quoting *Unitec*, it acknowledged that "inattentiveness or carelessness" may be excused by "other circumstances or further explanation." (ROA.2529.) *See, e.g.*, *Pioneer*, 507 U.S. at 398 ("peculiar and inconspicuous placement of the bar date . . . without any indication of the significance . . . , left a "dramatic ambiguity" in the notification") (quotation omitted). The Board simply found, in line with precedent, that there were no such circumstances present here. That wholly distinguishes this case from *In re Christopher*, 35 F.3d 232 (5th Cir. 1994), where the district court erred by "rejecting *any* negligence by the attorney as an excuse," *id.* at 235 (emphasis added), and *Coleman Hammons Construction Co. v. OSHRC*, 942 F.3d 279 (5th Cir. 2019), where the agency limited its inquiry

solely to whether the "circumstances causing an untimely response" were within the movant's "control," directly at odds with *Pioneer*, *id.* at 283.

In *Coleman Hammons*, the company maintained an internal mail procedure whereby the office manager opened incoming mail and circulated it to the appropriate staff. *Id.* at 282. When the citation at issue from the Occupational Health and Safety Administration (OSHA) arrived, the office manager had left her desk, and another employee, not normally a mail handler, placed the letter on the project superintendent's desk without opening it. *Id.* In another "unique" turn of events, the superintendent was out of town (not a "common occurrence"), and only discovered the letter upon his return, when the response deadline had passed. *Id.* As the Court explained, while the missed mailing was notionally within the company's control, it was still unforeseeable given the combination of unusual circumstances that had eclipsed the company's internal process, one that had successfully "enabled the company to handle seven previous OSHA citations." 942 F.3d at 284.[5] By contrast, courts have established that there is little that is unforeseeable about a law-firm withdrawal causing file-access issues, the excuse

[5] Moreover, unlike here, where a district and appellate court have already found a strong likelihood of success on the merits of the case, *supra* n.1, the agency in *Coleman Hammons* stipulated that the company had a meritorious defense to the agency's allegations, 942 F.3d at 282, 285.

that Satellite gave and that the Board found inadequate here. *See Pioneer*, 507 U.S. at 384, 398.

Ultimately, even if Satellite's challenges to the Board's stated grounds for denial were properly before the Court, they would not demonstrate that the Board abused its discretion.

**ii. Satellite's challenge to being bound by prior counsel's late filing**

In addition, Satellite now suggests that, even if the Board appropriately determined that prior counsel failed to demonstrate excusable neglect, Satellite should not be held accountable for her careless omission where in-house counsel acted diligently in attempting to ensure prior counsel's compliance with the deadline, and prior counsel made alleged misrepresentations to in-house counsel. Because this argument was also not properly raised to the Board, the Court cannot consider it.

Rule 102.2(d)(2) of the Board's Rules and Regulations provides that "[a] party seeking to file [exceptions] beyond the time prescribed by these Rules must file, along with the [exceptions], a motion that states the grounds relied on for requesting permission to file untimely." 29 C.F.R. § 102.2(d)(2). On June 13, 2025, Satellite filed its motion to accept its late-filed exceptions. (ROA.2519-28.) That motion contained none of the contentions that Satellite now raises regarding in-house counsel's diligence or prior counsel's representations.

The Board's Rules and Regulations make no provision for the filing of additional documents beyond the motion. Nonetheless, on July 25, Satellite's new outside counsel submitted a "position statement in further support of the Board's acceptance of the late-filed exceptions."[6] This document contained the assertions that Satellite failed to raise in its June 13 motion, but it was not part of the administrative record before the Board. *See* 29 C.F.R. § 102.45(b) (specifying the documents that "constitute[] the record in the case"). Even viewed as an addendum to the previous motion, it was not timely filed, as the rules allow for only one motion, filed simultaneously with the submission of late exceptions. *See* 29 C.F.R. § 102.2(d)(2).

Because these contentions appeared only in extra-record material, Satellite never properly raised its challenge to being bound by prior counsel's acts before the Board. Moreover, Satellite's opening brief has waived any argument that "extraordinary circumstances" exempted its failure to do so. *See 3484*, 137 F.4th at 1113-14; *Denton*, 962 F.3d at 167 n.4. Accordingly, the Court is precluded from considering this challenge for the first time on review. *See NLRB v. New Orleans Bus Travel, Inc.*, 883 F.2d 382, 384 (5th Cir. 1989) ("Our review is based on the record before the Board."); *NLRB v. Colonial Haven Nursing Home, Inc.*, 542 F.2d 691, 697 n.4 (7th Cir. 1976) (party's filing of documents must have complied with

[6] Satellite has lodged this document with the Court. (ROA.2773-809).

Board's regulations "to overcome the waiver provisions articulated in [Section] 10(e)").

In any event, as Satellite acknowledges (Br. 38), the well-settled rule from *Pioneer* is that "clients must be held accountable for the acts and omissions of their attorneys." 507 U.S. at 396. In that case, the client had "retained an experienced" attorney, provided the attorney with relevant materials, and "inquired of [the attorney] whether there was a deadline for filing claims." *Id.* at 384. The attorney "assured [the client] that no [deadline] had been set and that there was no urgency." *Id.* This false assurance resulted in the failure to file timely claims. *See id.* The Sixth Circuit determined that, because the client "had inquired of counsel whether there were any impending filing deadlines and been told that none existed," it was inappropriate to penalize the client for the attorney's misrepresentation. *Id.* at 396. On this point, the Supreme Court specifically corrected the Sixth Circuit. *Id.* In the Court's considered view, the Sixth Circuit erred by failing to bind the client to the acts of their lawyer-agent, even where the client had exhibited diligence in inquiring about a deadline and the attorney had misrepresented a pivotal fact. *See id.*

Satellite's argument reprises the Sixth Circuit analysis that the Supreme Court rejected. Satellite notes that in-house counsel relied on prior counsel, who was "listed as an 'expert' in employment law from a large law firm," and that she

"also diligently followed up about the case at each step." (Br. 38-39.) But, as the Supreme Court stated, when a party is represented, the proper focus is whether an attorney "did all he reasonably could to comply with" a deadline, not on whether the client "did all they reasonably could in policing the conduct of their attorney." *Id.*

Satellite nonetheless seeks relief on the basis that in-house counsel "was misled by prior counsel's promises about when Satellite would receive a draft, how the Board would treat the extension request, and whether the exceptions had been filed on the due date as Satellite instructed." (Br. 24-25.) Like the attorney's negligent misrepresentation to his client in *Pioneer*, which the Court held did not warrant relief from the usual rule, *see id.* at 396, there is no evidence that any misrepresentation that prior counsel made to in-house counsel prior to the late filing of exceptions was deliberate. First, the correspondence between prior counsel and in-house counsel shows that, while taking longer than expected to send in-house counsel a draft of the exceptions, prior counsel apprised in-house counsel that she was "moving a little slower than [she] expected working within new systems and with a partial paper file" and that she was "not faring well" with technology that week. (ROA.2794-96.) Second, prior counsel's representation to in-house counsel about how the Board would treat the extension request was simply "bad legal advice," and a "client is bound by the consequences of advice

that the client chooses to follow." *Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006). Regardless, prior counsel agreed with and purported to follow in-house counsel's recommendation to timely file the exceptions on June 6 to be "extra cautious," while correctly noting that the agency had not yet made a "final call" on whether to grant an extension, since a motion for reconsideration was pending. (ROA.2790-92.) Finally, when prior counsel, an Oregon-based attorney representing Satellite in this Region 20 (San Francisco)-initiated case, told in-house counsel at 9:43 p.m. Pacific Time on June 6 that the exceptions had been filed on the deadline (ROA.2775, 2790), she was likely overlooking the Board's rule that electronic filings must be made "by 11:59 p.m. of the time zone of the receiving office" (here, Eastern Time, given that the Board's Office of the Executive Secretary is in Washington, D.C.). 29 C.F.R. § 102.2(b). The June 10 notice from the Executive Secretary rejecting the exceptions directly quoted the time-zone language when noting that the document had been untimely received on June 7.[7] (ROA.2499.) Even if an attorney's willful misrepresentations could relieve a client of accountability for their attorney's omissions, Satellite has not established that prior counsel sought to affirmatively mislead in-house counsel at any point prior to the late filing. To the extent that, "[a]fter the due date," prior

[7] Satellite does not seek to excuse its late filing based on time-zone confusion. This Court has upheld the Board's determination that such confusion does "not rise to excusable neglect." *Tri-Cnty.*, No. 21-60887, 2023 WL 5040960, at *2-*3.

counsel "kept [in-house counsel] in the dark" (Br. 37), that conduct had no bearing on a filing that was already late.

Satellite admits that the rare exemption of a represented party from its attorney's unexcused failure to comply with a deadline arises only in "certain contexts." (Br. 38.) Its cited cases point to just one: equitable tolling of the federal limitations period for habeas petitioners whose attorneys have engaged in egregious misconduct. (Br. 38 (citing *Downs v. McNeil*, 520 F.3d 1311, 1321 (11th Cir. 2008), and *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).) As this Court explained in *Wynn*, dismissing a habeas petition is a "particularly serious matter," such that the "statute of limitations must not be applied too harshly." 292 F.3d at 230 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Indeed, a habeas petition is the civil action for a claim of unlawful imprisonment or detention—in other words, a proceeding with significant implications for a criminal case. By contrast, in run-of-the-mill civil litigation, "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citation omitted). "It does not disparage the importance" of either the rights protected or obligations imposed by the Act "to recognize that the consequences of bad lawyering in a [labor-law] case are less

grave than wrongful incarceration . . . ." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006).

The only non-habeas case that Satellite cites does not illustrate an exception to the rule governing represented parties; it addressed a situation wholly outside that rule. *Associated Marine Equipment LLC v. Jones*, 301 F. App'x 346 (5th Cir. 2008) (per curiam), involved a litigant who believed he was represented by counsel but who had in fact been "completely abandoned by his attorney." *Id.* at 350. The litigant was thus "not asking to be excused for the mistakes, carelessness, or incompetence of his counsel," but "instead asking to be relieved of the consequences of his attorney abandoning him without his knowledge." *Id.* Satellite does not argue that any of prior counsel's actions in the lead-up to the late filing constituted abandonment of her representation. Nor can it. Prior counsel's drafting delays, imprudent advice, and likely time-zone confusion evidence only garden-variety negligence, not desertion.

In sum, even if Satellite had properly presented its challenge to the Board, the Board would not have abused its discretion by binding Satellite to prior counsel's late filing of exceptions.

## CONCLUSION

For the foregoing reasons, the Board respectfully requests that the Court deny Satellite's petition for review and enforce the Board's Order in full.

Respectfully submitted,

/s/ Usha Dheenan
USHA DHEENAN
*Supervisory Attorney*

/s/ Jared H. Odessky
JARED H. ODESSKY
*Attorney*

National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-2948
(202) 273-1937

LYNISA B. MICHALSKI
*Acting Deputy General Counsel*

PETER SUNG OHR
*Associate General Counsel*

RUTH E. BURDICK
*Deputy Associate General Counsel*

MEREDITH JASON
*Assistant General Counsel*

August 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| SATELLITE HEALTHCARE, INCORPORATED<br>Petitioner/Cross-Respondent<br>v.<br>NATIONAL LABOR RELATIONS BOARD<br>Respondent/Cross-Petitioner | No. 24-60077<br>Board Case Nos.<br>20-CA-315531 *et al.* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Jared H. Odessky
Jared H. Odessky
Attorney
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-1937

Dated at Washington, DC
this 11th day of August 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| SATELLITE HEALTHCARE, INCORPORATED<br>Petitioner/Cross-Respondent<br>v.<br>NATIONAL LABOR RELATIONS BOARD<br>Respondent/Cross-Petitioner | No. 24-60077<br><br>Board Case Nos.<br>20-CA-315531 *et al.* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its brief contains 7,313 words of proportionally spaced, 14-point type, and the word-processing system used was Microsoft Word for Office 365.

/s/ Jared H. Odessky
Jared H. Odessky
Attorney
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-1937

Dated at Washington, DC
this 11th day of August 2026